# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

| | |
|---|---|
| **LM INSURANCE CORPORATION** | **PLAINTIFF** |
| V. | NO.: 3:17-CV-735-CWR-FKB |
| **LACEY HUDDLESTON, JONATHAN HUDDLESTON AND PENELOPE COOPER** | **DEFENDANTS** |
| | |
| **LACEY HUDDLESTON AND JONATHAN HUDDLESTON** | **COUNTER-PLAINTIFFS** |
| V. | |
| **LM INSURANCE CORPORATION** | **COUNTER-DEFENDANT** |

## CONSENT PROTECTIVE ORDER

Plaintiff/Counter-Defendant, LM Insurance Corporation ("LM"), Defendant Penelope Cooper ("Cooper"), and Defendants/Counter-Plaintiffs Lacey Huddleston and Jonathan Huddleston (collectively "the Huddlestons"), state that they may produce or be required to produce correspondence, memoranda, documents, reports, computer printouts, or otherwise respond to discovery and provide testimony that might reveal a trade secret or other confidential, proprietary, research, development or commercial information that should not be disclosed outside of this litigation. Some information of that type already has been requested and will be produced in response to discovery sought in this litigation. Accordingly, all parties hereto stipulate and agree, subject to this Court's approval, that:

1. Definition of Confidential Information: "Confidential Information" as used

herein means any information which is designated as "confidential" by a party or other person producing such information (the "Designating Entity"). Information shall be designated as confidential only upon a good faith belief that the information is confidential as defined by and subject to protection under Federal Rule of Civil Procedure 26(c)(1)(G).

2.  Designation of Confidential Information: Documents containing Confidential Information shall be designated as confidential by placing the following legend (or a substantial equivalent) on each page of the document:

"CONFIDENTIAL" or "PRODUCED SUBJECT TO CONSENT PROTECTIVE ORDER"

Alternatively, a group of documents may be designated by as confidential by placing the noted designation on the first page, followed by a concise identification of documents within the protected group (such as bates numbers of transcript pages of testimony claimed confidential). For purposes of this Order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Rule 30, Rule 34 and/or Rule 45, by agreement or otherwise. Interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be designated as confidential but, to the extent feasible, shall be prepared in such a manner that Confidential information is bound separately from that not entitled to protection.

3.  Non-Disclosure of Confidential Information: No Confidential Information

may be disclosed to, disseminated to, or otherwise discussed with any person, except with the prior written consent of the Designating Entity, or as hereinafter provided under this Order. Any summary, copy, electronic imaging or database, of any Confidential Information likewise shall be subject to the terms of this Order to the same extent as the Confidential Information from which the summary or copy is made. Persons obtaining access to Confidential Information under this Order shall use the information only for the instant litigation, (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings. However, nothing in this Order shall be deemed to restrict in any manner the use by any party of its own documents or materials.

    4.    Permissible Disclosure of Confidential Information:

        a.    Subject to paragraph 3, Confidential Information may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation, to the lawyers, secretaries, paralegal assistants and employees of such an attorney to the extent reasonably necessary to render professional services in this litigation; the parties and to court officials and court reporters involved in this litigation.

        b.    Subject to paragraph 3, Confidential Information may also be disclosed to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify, and to outside consultants or experts retained for the purpose of assisting counsel in this litigation.

5. Confidential Information in Depositions:

   a. During a deposition, a deponent may be shown and examined regarding Confidential Information if the deponent has access to or has been provided the Confidential Information. Deponents shall not retain or copy portions of the transcript of their deposition that contain Confidential Information not provided by them or the entities with which they are affiliated. A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about, or asked to produce, potential Confidential Information.

   b. Within thirty (30) days after receiving a deposition transcript, parties (and deponents) may designate all or portions of the transcript (and exhibits thereto) as containing Confidential Information, by providing notice, in writing, that identifies specific page and line numbers as Confidential in accordance with this Order. Until expiration of the thirty (30) day period, the entire deposition will be treated as subject to protection against disclosure under this Order, if notice is given on the Record during the deposition by a party that the party intends to claim some portion of the deposition is confidential in accordance with this Order. If no party or deponent timely designates Confidential Information in a deposition in accordance with this Order, then none of the transcript or its exhibits will be granted protection under this Order. If a timely designation is made, the Confidential Information portions and exhibits shall be maintained under seal separate from the portions and exhibits not so marked.

6. Objection to Designation: The court requires the parties to make a good faith effort to resolve all objections to a party's designation of Confidential Information prior to the filing of a motion for resolution of the dispute. If the parties cannot resolve the objection, the objecting party may apply to the Court for an order removing the Confidential Information designation, setting forth the reasons supporting such objections. While the motion is pending, and for a period of ten (10) days following any order that such information is not Confidential Information (and for any period during which an appeal, including an appeal of any magistrate judge ruling, is pending), the information shall be treated as Confidential Information.

7. Subpoena by other Courts or Agencies: If Confidential Information which a party has obtained under the terms of this Order is subpoenaed or its production is otherwise demanded, such party shall promptly notify in writing the Designating Entity of the receipt of such subpoena or order, and shall cooperate with the Designating Entity in ensuring continued confidential treatment of such documents.

8. Filing Under Seal: Pursuant to local rules, documents containing or disclosing the substance of Confidential Information are not entitled to automatic sealing when filed with the court as a part of a pleading. As such, the sealing of documents to be filed with the court as part of a pleading shall be addressed upon appropriate motions consistent with Rule 79(d) and the applicable local rules. No party shall file any document designated as Confidential on the Court's ECF system or other public filing system without first filing a motion to seal and obtaining a ruling on that motion.

9. Client Consultation: Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally

on examination of Confidential Information; provided, however, that it is understood the client is bound by the terms of this protective order herein executed by their counsel.

10. Return of Confidential Information: Within sixty (60) days after conclusion of all aspects of this litigation, all documents containing Confidential Information and all copies of same (other than exhibits or record) shall be returned to the Designating Entity (at the Designating Entity's expense) or, at the option of the Designating Entity, shall be destroyed.

11. Inadvertent Disclosure: Inadvertent disclosure of any document or information in this action shall be without prejudice to any claims that such material is Confidential Information, privileged, work product or otherwise protected from discovery, and no party shall be held to have waived any rights by such disclosure. Any document or information so disclosed and subject to a subsequent claim of privilege, work product or other protection, shall be returned immediately to the appropriate party and such document or information shall not be introduced into evidence in this or any other proceeding by any person without either (I) the consent of said party or (ii) by order of the court, nor will such document or information be subject to production (other than in camera) in any proceeding by virtue of the fact that it was inadvertently produced in this proceeding. If there is a good faith dispute over whether production was "inadvertent", it shall be submitted to the Court by proper motion for resolution.

12. Non-Waiver: This Order and production of Confidential documents hereunder shall not in any way constitute a waiver of any party's right to raise or assert any objections which may hereafter be raised or asserted in regard to the aforesaid documents, including, but not limited to, defenses or objections with respect to the use,

relevance or admissibility of the documents or their contents.

13. Modification Permitted: Nothing in this Order shall prevent any party from requesting modification of this Order to seek additional or different protection under the Federal Rules of Civil Procedure, including that certain information not be disclosed under any circumstances, or from objecting to discovery that it believes to be otherwise improper.

14. Added Parties: This Order shall inure to the benefit and be binding upon any future party or counsel to this litigation as well as upon any non-party who produces documents in this litigation.

15. Non-Parties: Any subpoenaed non-party who designates and provides Confidential Information in this action may petition the court for enforcement of this Order.

16. Responsibility of Attorneys: The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of Confidential Information.

17. Sanctions for Violation: The Court will assess appropriate sanctions against persons or parties violating the provisions of this Order.

18. Court Retains Jurisdiction: After the conclusion of this litigation, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to Confidential Information produced pursuant to this Order for the purpose of enforcement of this Order.

IT IS SO ORDERED AND ADJUDGED, this the 14th day of June, 2018.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

AGREED TO:

s/Ed Flechas
_____
Eduardo A. Flechas, Esq.
Flechas Litigation Group, PLLC
318 South State Street
Jackson, MS 39201
edflechas@aol.com

    COUNSEL FOR DEFENDANTS
    LACEY HUDDLESTON AND JONATHAN HUDDLESTON

s/Randy Wallace
_____
Randy Wallace, Esq.
Robert Boyd and Associates PLLC
103 Woodchase Park Drive
Clinton, MS 39056
randywallace@boydattorneys.com

    COUNSEL FOR DEFENDANT PENELOPE COOPER

s/Richard Conrad
_____
Richard T. Conrad III, Esq.
Wells Marble & Hurst, PLLC
300 Concourse Boulevard, Suite 200
Ridgeland, Mississippi 39157
rconrad@wellsmarble.com

    COUNSEL FOR PLAINTIFF LM INSURANCE CORPORATION